IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RODERICK PORTER, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | NO. |
| vs. ) | |
| ) | JUDGE |
| CHICAGO POLICE OFFICERS ) | |
| JAMES ST. ANDREW, STAR NO. 6303; ) | |
| THOMAS BARNES, STAR NO. 8426, ) | MAGISTRATE |
| and OTHER UNKNOWN CHICAGO ) | |
| POLICE OFFICERS as employees/ ) | JURY DEMAND |
| Agents of the City of Chicago, a ) | |
| Municipal Corporation, ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT AT LAW

NOW COMES, RODERICK PORTER, by and through his attorney, JEFFREY J. NESLUND, and in complaining of the Defendants, CHICAGO POLICE OFFICER JAMES ST. ANDREWS, STAR NO. 6303; CHICAGO POLICE OFFICER THOMAS BARNES, STAR NO. 8426, and OTHER UNKNOWN CHICAGO POLICE OFFICERS as employees/agents of the City of Chicago a Municipal Corporation, states as follows:

### INTRODUCTION

1. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

1

3. Plaintiff, RODERICK PORTER, is an individual who at all times relevant hereto was living in the Northern District of Illinois.

4. Defendants, CHICAGO POLICE OFFICER JAMES ST. ANDREWS, STAR NO. 6303; CHICAGO POLICE OFFICER THOMAS BARNES, STAR NO. 8426, and OTHER UNKNOWN CHICAGO POLICE OFFICERS, were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

## FACTUAL SUMMARY

5. On or about April 2, 2008, the DEFENDANT OFFICERS executed a search warrant at 7228 S. Marshfield Avenue, in Chicago, Cook County, Illinois. The target of the search warrant was an individual with the nickname "Buttah."

6. Plaintiff, RODERICK PORTER, was in a vehicle legally parked in a vicinity of 7228 S. Marshfield Avenue, in Chicago, Cook County, Illinois when the DEFENDANT OFFICERS executed the search warrant.

7. The DEFENDANT OFFICERS detained, searched and arrested the Plaintiff on the above date and location in violation of his Constitutional Rights notwithstanding the fact the DEFENDANT OFFICERS did not see the Plaintiff violate any laws on April 2, 2008.

8. While the Plaintiff was seized by the DEFENDANT OFFICERS, one of the DEFENDANT OFFICERS interrogated the Plaintiff regarding the identity of the individual known to them as "Buttah." When the Plaintiff denied knowing the identity of such an individual, one of the DEFENDANT OFFICERS said "well, you are "Buttah" tonight."

9. The Plaintiff was subsequently arrested by the DEFENDANT OFFICERS and

charged with the felony offense of possession of a controlled substance with intent to deliver under Cook County criminal case number 08 CR 7738.

10. The DEFENDANT OFFICERS conspired to falsely arrest the Plaintiff and charge him with a felony offense by:

    A. generating police reports with statements the DEFENDANT OFFICERS knew were false;

    B. making false statements to the Cook County State's Attorneys' Office Felony Review Unit in order to secure felony charges against the Plaintiff;

    C. making false statements under oath in the form of sworn criminal complaints and grand jury testimony in order to initiate and continue the criminal prosecution of Plaintiff knowing such statements to be false.

11. On or about November 24, 2008, the Cook County State's Attorneys' Office dismissed all the criminal charges initiated by the DEFENDANT OFFICERS in a manner indicative of the plaintiff's innocence.

## COUNT I
## 42 U.S.C. § 1983: False Arrest/Unlawful Detention

12. Plaintiff re-alleges and incorporates paragraphs 1-11 as fully stated herein.

13. As described above, DEFENDANT OFFICERS falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

14. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the plaintiff.

15. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

## COUNT II
## State Law Claim: Malicious Prosecution

16. Plaintiff re-alleges and incorporates paragraphs 1-11 above as fully stated herein.

17. Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

18. DEFENDANT OFFICERS accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

19. Statements of DEFENDANT OFFICERS regarding Plaintiff's alleged culpability were made with knowledge that the statements were false and perjured. In so doing, the DEFENDANT OFFICERS fabricated evidence and withheld exculpatory information.

20. The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of others.

21. As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

22. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

## COUNT III
### Section 1983 Conspiracy Claim

23. Plaintiff re-alleges and incorporates paragraphs 1-11 above as fully stated herein.

24. The DEFENDANT OFFICERS conspired to injure plaintiff by (a) agreed to falsely arrest and falsely institute criminal charges against the plaintiff; (b) agreed not to report each other after witness plaintiff being abused (i.e. falsely arrested and charged); (c) generating false documentation to cover up their own and each other's misconduct and alleging false justification to support the false arrest and charges.

25. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically agreed to facilitate, engage in and support the activity which occurred in connection with the allegations above. As a result of this conspiracy, the DEFENDANT OFFICERS, by and through their conduct, proximately caused injury to the plaintiff, i.e. to be charged with false criminal allegations, incur financial loss, including attorneys' fees and suffer emotional damage.

## COUNT IV
### State Law Claim: Intentional Infliction of Emotional Distress

26. Plaintiff re-alleges and incorporates paragraphs 1-11 above as fully stated herein.

27. The acts and conduct of DEFENDANT OFFICERS as set forth above were extreme and outrageous. DEFENDANT OFFICERS intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to RODERICK PORTER.

28. DEFENDANT OFFICERS' actions and conduct did directly and proximately cause a severe emotional distress to RODERICK PORTER and thereby constituted intentional infliction of emotional distress.

5

29. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of RODERICK PORTER.

30. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS within the scope of their employment such that their employer, The City of Chicago, is liable for their actions.

## REQUEST FOR RELIEF

31. Plaintiff, RODERICK PORTER, respectfully requests that the Court:

   a. Enter judgment in his favor and against Defendants, CHICAGO POLICE OFFICER JAMES ST. ANDREWS, STAR NO. 6303; CHICAGO POLICE OFFICER THOMAS BARNES, STAR NO. 8426, and OTHER UNKNOWN CHICAGO POLICE OFFICERS as employees/agents of the City of Chicago a Municipal Corporation;

   b. Award compensatory damages against Defendants, CHICAGO POLICE OFFICER JAMES ST. ANDREWS, STAR NO. 6303; CHICAGO POLICE OFFICER THOMAS BARNES, STAR NO. 8426, and OTHER UNKNOWN CHICAGO POLICE OFFICERS as employees/agents of the City of Chicago a Municipal Corporation;

   c. Award attorneys' fees against Defendants, CHICAGO POLICE OFFICER JAMES ST. ANDREWS, STAR NO. 6303; CHICAGO POLICE OFFICER THOMAS BARNES, STAR NO. 8426, and OTHER UNKNOWN CHICAGO POLICE OFFICERS as employees/agents of the City of Chicago a Municipal Corporation;

   d. Award punitive damages against CHICAGO POLICE OFFICER JAMES ST. ANDREWS, STAR NO. 6303; CHICAGO POLICE OFFICER THOMAS BARNES, STAR NO. 8426, and OTHER UNKNOWN CHICAGO POLICE OFFICERS as employees/agents of the City of Chicago a Municipal Corporation; in their individual capacities; and

   e. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, RODERICK PORTER, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

        Respectfully submitted,

        /s/ Jeffrey J. Neslund
        JEFFREY J. NESLUND
        Attorney for Plaintiff

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
150 North Wacker Drive
Suite 2460
Chicago, Illinois 60606
(312) 223-1100